UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR No. 01-107-L
:
STEVEN SOUVE :

**MEMORANDUM AND ORDER**

Steven Souve has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the above matter, seeking to modify that portion of his Judgment ordering him to pay the costs of his supervision upon release from incarceration. For the reasons that follow, that motion is DENIED without prejudice.

<u>FACTUAL BACKGROUND AND TRAVEL</u>

Souve was charged, along with two co-defendants, in a two-count indictment with possession with intent to distribute over 1,000 Marijuana Plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count I); and conspiracy to Manufacture over 1,000 Marijuana Plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count II).[1] After a nine-day jury trial before this Court, Souve was found guilty on both charges.

On March 4, 2003 this Court assessed a fine of $100 and sentenced Souve to 151 months imprisonment, followed by five years of supervised release.[2] <u>See</u> Judgment dated March 11, 2003 (Doc. #113). As a condition of his supervised release, Souve was ordered

---

[1] Co-defendant Steven J. Balthazard was tried along with Souve and found guilty, and his conviction was affirmed on appeal. The other co-defendant, James St. Jacques, died before trial.

[2] As a second condition of supervised release, Souve was ordered to participate in a drug treatment program. The Court also imposed a special assessment of $100. These aspects of Souve's sentence are not involved in the instant motion.

to pay the cost of his supervision at a rate of $270.59 per month, for a total of $16,235.40. (Id. at 4.)  In imposing this condition, the Court observed that, based on the Presentence Report (PSR) prepared by the Probation Office and on letters submitted on Souve's behalf, Souve was able-bodied and a hard worker and would have the ability to earn income upon his release from prison. (See Transcript of Sentencing Hearing Conducted on March 4, 2003 ["Sent. Tr."] at 10.) Souve did not contest the imposition of this condition at his sentencing hearing.

Souve appealed raising, a number of grounds.  He did not, however, challenge any aspect of the condition of supervised release requiring him to pay the costs of his supervised release upon release and the conviction was affirmed on appeal. The First Circuit also affirmed his sentence. See United States v. Balthazard, 360 F.3d 309 (1st Cir. 2004).  Souve did not seek further review.[3]

Nearly six years later, Souve filed the instant petition for habeas relief under § 2241, asking this Court to "expunge" the special condition of supervised release requiring him to pay the costs of his supervision, on the basis that the amount of these costs is far beyond what he will be able to pay upon his release from prison in 2014.

The Government has opposed the petition on both procedural and

---

[3] Souve thereafter filed a post-conviction Motion to Correct Sentence (this Case, Doc. #138) and a motion to vacate under 28 U.S.C. § 2255, see Steven Souve v. United States, CA 05-316-L.  Neither motion challenged the requirement that he pay the costs of his supervised release.  Both motions were denied by this Court.  See this Case, Doc. #140; CA 05-316-L, Doc. #18.

substantive grounds, to which Souve has replied.[4] This matter is ready for decision.[5]

DISCUSSION

A. Procedural Issue

A threshold issue presented at the outset is whether Souve's request for relief is properly brought under 28 U.S.C. § 2241. The Government contends that Souve's petition should have been brought under 28 U.S.C. § 2255 and that as such, it constitutes a second or successive petition in view of Souve's previously filed §2255 motion, and is untimely. If Souve's request for relief is encompassed under the § 2255 remedy, then the Government is correct that the petition must be dismissed as a second or successive and/or untimely motion to vacate.[6]

However, this Court notes that the First Circuit, although not directly addressing the issue here, has held that a defendant who is in custody may not collaterally challenge under 28 U.S.C. § 2255 a fine imposed as part of a sentence. See Knight v. United States,

---

[4] See Government's Objection to Defendant's Petition for Writ of Habeas Corpus (Doc. #152]) ("Govt. Mem."), and Petitioner's Response to Government's Objection (Doc. #153) ("Reply").

[5] No hearing is required in connection with any issues raised by this motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that Souve's petition is without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing when postconviction petition is inadequate on its face). Because no hearing is required, Souve's request for a transfer to Rhode Island to litigate this matter is denied as unnecessary.

[6] In his Reply (at 3), Souve appears to accept the re-characterization of his petition as a § 2255 motion and attempts to argue why it should nonetheless not be dismissed. Those arguments are unavailing, but in view of this Court's determination, infra, to proceed directly to Souve's substantive claims, they need not be further addressed.

37 F.3d 769, 772-74 (1st Cir. 1994) (fine may not be challenged in a §2255 proceeding); Smullen v. United States, 94 F.3d 20, 25-26 (1st Cir. 1996) (challenges to allegedly erroneous fines or restitution orders imposed at sentencing may not be brought under §2255). This would suggest that Souve's petition is not procedurally deficient, as brought under § 2241.[7]

This Court need not resolve this procedural issue, because Souve's claim for relief clearly fails on its merits. The Court will therefore proceed to address the merits of his claim. See Ramos-Martinez v. United States, – F.3d –, 2011 WL 768966 (1st Cir. March 7, 2011) (noting that courts may elect to "avoid addressing an enigmatic threshold issue by cutting directly to the merits") (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)).

B. Merits

Souve requests this Court to "expunge" the special condition of supervised release requiring him to pay the costs of his supervised release. He asserts that the amount of these costs – $16,235.40 – is far beyond what he will be able to pay upon his release from prison in 2014, based on his anticipated earning capacity. He further asserts that the Court failed to find that he was indigent, which finding would have precluded it from imposing this monetary obligation. (Pet. at 7-8.) This request fails for several reasons.

---

[7] This Court notes that the circuit courts are split on this issue. See Gardner v. Bledsoe, 2011 WL 713609 at *1, n.2 (3d Cir. March 2, 2011) (noting cases addressing whether claims attacking restitution orders may be under 28 U.S.C. §2255, with conflicting results). However, this does not impact the result here.

First, under 18 U.S.C. § 3573, only the Government can petition to modify a fine. See, e.g., United States v. Linker, 920 F.2d 1, 2 (7th Cir.1990); United States v. Gonzalez, 248 F.3d 1128 (1st Cir.2000) (Table) (district court lacked jurisdiction to act on defendant's postconviction request to remit fine) (citing cases). Because, as discussed infra, the costs at issue constitute an 'additional fine' payable by Souve, he may not seek its modification or remission under § 3573.

Second, the condition of release at issue was appropriately imposed. The guideline provision at issue provides that a court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The guideline further directs the court to consider, in determining the amount of the fine, "the expected costs to the government of any ... term of supervised release imposed." Id., § 5E1.2(d)(7); see United States v. Chan, 208 Fed.Appx. 13 at *2 (1st Cir. 2006) (same). In essence, the guideline permits a court to order a defendant to pay the costs of supervised release as an 'additional fine,' so long as a punitive fine is imposed. Here, contrary to Souve's contention, this Court imposed a punitive fine in the amount of $100.[8] (Sent.

---

[8] Souve's contention that the Court "waived" any punitive fine (Pet. at 5) reflects a mis-reading of the Judgment. In the Judgement the section entitled STATEMENT OF REASONS reflects that the guideline range is $17,500 to $4,000,000 and that, beneath that determination, a box is checked on the form next to text that reads, "Fine is waived or is below the guideline range, because of inability to pay." (Emphasis added.) In fact, the total monetary penalty imposed in this case -- 16,435.40 ($100 + $100 + $16,235.40) -- was below the guideline range of $17,500 to $4,000,000. The box checked off on the form merely justified the imposition of a fine that was below the guideline range. That does not mean that this Court did not consider Souve's ability to pay that lesser amount or that it made any finding that he was unable

Tr. at 10; Judgment at 5.)

"[A] defendant bears the burden of demonstrating that his ... case warrants an exception to the rule that a fine be imposed." United States v. Uribe-Londono, 409 F.3d 1, 5 (1st Cir. 2005) (quoting United States v.Torres-Otero, 232 F.3d 24, 32 (1st Cir. 2000). Here, Souve never objected at his sentencing to the condition that he pay his supervised release costs, much less made any showing that it was inappropriate. Instead, the record shows that this Court considered Souve's ability to pay when imposing a small punitive fine plus the condition requiring payment of costs of supervision upon release.[9] Not only was there no suggestion of indigency, but the record reflects quite the opposite. Souve's own statement of net worth reflected both a legitimate income and the ownership of several motor vehicles, including an unencumbered motorcycle, which Souve declared was worth $23,000.00. Other papers submitted at sentencing showed that Souve owned, or had recently sold, other valuable property.

In addition, this Court deferred the supervised-release costs portion of Souve's monetary penalty until Souve's release from prison and further provided that Souve could pay that portion of the fine in monthly installments over five years. Thus, the

---

to pay the fine that he was explicitly ordered to pay in the very same Judgment.

[9] When imposing this condition of release, this Court specifically found, "The Defendant is able bodied. He always worked. By virtue of the letters that I have received, he is a hard worker and reliable worker and he'll be able to go back to work after he served his sentence." (Sent. Tr. at 10.) The Court relied in part on letters of support submitted in connection with Souve's sentencing. (Id.)

condition of release was appropriately imposed in the Court's discretion. See Uribe-Londono, 409 F.3d at 5 (imposition of fines, including payment of supervised release costs, are reviewed for abuse of discretion).[10]

Third, Souve's request is premature. His income projections are not based on any evidence, and are substantially less than the income he reported at the time of his sentencing.[11] The accuracy of that projection is impossible to determine at this time. He offers no substantive evidence, apart from pessimistic conjecture, in support of his request. See Chan, 208 Fed. Appx. at *2 (finding that defendant seeking to have fine remitted failed to prove indigency).

Finally, this Court notes that the Government has represented in its papers (1) that it will be reasonable in its efforts to enforce the payments upon Souve's release from prison; and (2) that if Souve encounters a true financial hardship that makes compliance with his condition of his supervised release impossible, the Government can petition the Court for a modification or remission

---

[10] The case of United States v. Corral, 964 F.2d 83 (1st Cir. 1992), cited by Souve, does not assist him. In Corral the First Circuit held that an 'additional fine' under U.S.S.G. § 5E1.2(i) cannot be imposed unless the court first imposes a punitive fine under § 5E1.2(a). In that case the defendant was found to be indigent and thus the court did not impose a punitive fine but did order the defendant to pay the costs of his supervised release. Here, as noted, this Court assessed a punitive fine in the amount of $100, in addition to requiring Souve to pay the costs of supervised release. See Judgment at 4-5. Thus, Corral is inapposite and in fact cuts against Souve's claim.

[11] Souve calculates that his post-incarceration income will not exceed employment at a rate of $9.00 per hour, which would result in a gross monthly income of $1,440. By contrast, he reported a gross monthly income of $2,000 in the Net Worth & Cash flow statement he submitted at the time of his sentencing.

of the fine pursuant to 18 U.S.C. § 3573. (Govt. Mem. at 13.)

This Court has considered all of Souve's other arguments and finds them to be without merit.

CONCLUSION

In view of the foregoing considerations, Souve's motion to vacate pursuant to 28 U.S.C. § 2255 is hereby DENIED <u>without prejudice</u> and dismissed. Souve's request for a transfer to this jurisdiction for the purpose of litigating his claims is likewise DENIED.

SO ORDERED:

/s/ Ronald R. Lagueux
Ronald R. Lagueux
Senior United States District Judge

Date: March 23 , 2011